Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **STEVE WILLIS, ETC., ET AL.,** | )<br>) |
| Plaintiffs, | ) Case No. 2:06CV00015<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **RONALD D. OAKES, ETC., ET AL.,** | ) By: James P. Jones<br>) Chief United States District Judge<br>) |
| Defendants. | )<br>) |

*Clifton L. Corker, Johnson City, Tennessee, Charles R. Terry, F. Braxton Terry, Terry, Terry & Stapleton, Morristown, Tennessee, and Douglas T. Jenkins, Rogersville, Tennessee, for Plaintiffs; Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia for Defendants Ronald D. Oakes, Wise County, Virginia, Andrew Drake McNally, and John Patrick Oliver Yost; John L. Cooley, Jr., WootenHart PLC, Roanoke, Virginia, for Defendants John Doe, Larry R. Mohn, and Town of Big Stone Gap, Virginia.*

The present suit alleges causes of action under 42 U.S.C.A. § 1983 (West 2003) and state law arising from a police shooting. For the following reasons, I will grant the plaintiffs' Motion to Amend Complaint, and grant in part and deny in part the defendants' motions to dismiss.

I

In considering the defendants' motions to dismiss, I must accept as fact the following allegations made by the plaintiffs.

On the afternoon of July 7, 2005, Jonathan Kirby Willis ("Kirby Willis") was driving a Chevrolet Tahoe on U.S. Highway 23, accompanied by his cousin, Bruce Willis, who was sitting in the passenger seat. Kirby Willis parked his automobile at the Double Kwik store near Powell Valley High School while his cousin entered the store to purchase food. Upon Bruce Willis' return to the vehicle, Kirby Willis backed his automobile into a parking space so that he and his passenger had a view of the passing traffic. While eating, an unidentified female approached the Willis vehicle. At close to the same time, a Big Stone Gap Police Department patrol car parked on the driver's side of the Willis vehicle. An unidentified Big Stone Gap police officer, referred to as John Doe, began to question and possibly arrest the female, now believed to be Merida Barnett. Officer Doe told the Willises to remain where they were, and they complied.

Shortly thereafter, defendant officers from the Wise County Sheriff's Department arrived, parking patrol cars to the right and rear of the police patrol car already parked on the driver's side of the Willis vehicle. Sheriff's deputies approached the Willis vehicle, requested identification from each passenger, and

asked that Kirby Willis step out of the vehicle.  Willis complied at first, but then pulled away from the officers, returned to the driver's seat, started the vehicle, and shifted into drive gear, preparing to leave the scene.  In response, Officer John Patrick Oliver Yost, standing at the driver's side door, reached into the vehicle and attempted to take possession of the keys.  At the same time, Officer Andrew Drake McNally, positioned at the rear of the vehicle on the driver's side, fired a shot through the open driver's side window.  The discharged bullet struck Kirby Willis in the head, killing him instantly.  Officer McNally continued firing his weapon, striking Kirby Willis a second time, and also hitting Officer Yost and Bruce Willis, who remained in the passenger seat of the vehicle.  Officer Yost and Bruce Willis suffered non-fatal wounds.

After the shots were fired, the Willis vehicle, out of control, moved forward, struck other vehicles, and came to rest over an embankment.  The Complaint further alleges that Bruce Willis was confined against his will for the remainder of the evening and was prevented from seeking treatment for his wounds.

The plaintiffs allege that the defendants, acting under color of state law, violated the victims' Fourth Amendment rights. Further, the plaintiffs assert state law claims of battery, wrongful death, and intentional infliction of emotional distress. This court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (West 1993) and 28

- 3 -

U.S.C.A. § 1367 (West 1993). The defendants have filed separate motions to dismiss, and the plaintiffs have filed a Motion to Amend Complaint. The parties have timely filed briefs, and the issues are ripe for review.[1] I review each motion in turn.

II

I turn first to the plaintiffs' Motion to Amend Complaint. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The plaintiffs here move to amend the Complaint in order to more specifically address the challenges raised by the defendants' motions to dismiss. Because there is ample time remaining in the case for discovery, I find neither that the plaintiffs' reasons are based on bad faith or purposes of undue delay, nor that the defendants will be unfairly prejudiced by the amendment. *See id.* Thus, I will grant the plaintiffs' Motion to Amend Complaint.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

III

Next are the defendants' motions to dismiss, filed separately by Wise County, Virginia, Wise County Sheriff Ronald D. Oakes, his deputies Andrew Drake McNally and John Patrick Oliver Yost ("County Defendants"), and the Town of Big Stone Gap, Virginia, Big Stone Gap Police Chief Larry R. Mohn, and the unknown Big Stone Gap police officer referred to as John Doe ("Town Defendants").

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

It is not necessary to set forth a particular legal theory, but rather a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe the complaint as asserting "any and all legal claims that its factual allegations can fairly

be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Any heightened pleading standard conflicts with Rule 8(a)(2), which simply requires that a complaint give fair notice of a claim and the grounds on which it is based. *See Conley*, 355 U.S. at 47-48. Discovery and a motion for summary judgment are the means for defining disputed facts and issues and disposing of unmeritorious claims. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

Section 1983 imposes civil liability on persons acting under color of state law who deprive another person of the rights and privileges secured by the Constitution and federal laws. Here, the plaintiffs assert that that the defendants violated the Willises' rights conferred by the Fourth Amendment,[2] which guarantees an individual's right to be free from unreasonable search and seizure; correspondingly, seizures accomplished by excessive force are constitutionally barred. *See Jones v.*

---

[2] The plaintiffs also base their claim under the Eighth Amendment; however, the Eighth Amendment has been applied in excessive force cases only to convicted prisoners. Because the Willises were not convicted prisoners at the time of the shooting, the Eighth Amendment is not applicable to their claim. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001).

- 6 -

*Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). Determining whether excessive force was used requires a test of "objective reasonableness" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 399 (1989). In determining whether force was excessive, a court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests" with "the countervailing governmental interests at stake." *Id*. at 396. Because the nature of police work often requires expedited judgments "in circumstances that are tense, uncertain, and rapidly evolving," facts must be evaluated from the perspective of a reasonable officer on the scene, without employing hindsight. *Id*. at 397. Reasonableness under the Fourth Amendment is determined based on the information available to the officer at the moment force is employed, rather than on the reasonableness of the officer's actions in creating the dangerous situation. *See Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996). Here, the defendants seized the Willises by shooting them. While the intrusiveness of a seizure by deadly force "is unmatched," a police officer may nevertheless use deadly force when the officer has "probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 9, 11 (1985).

- 7 -

A

The County Defendants move to dismiss the claims alleged against the sheriff and his deputies in their official capacities, alleging that the Eleventh Amendment renders them immune from suit under § 1983. The Eleventh Amendment bars suits for damages against a state by its own citizens, unless Congress has validly abrogated that immunity or the state itself has consented to suit. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). In Virginia, contrary to the plaintiffs' assertions, it is well-established that sheriffs are state officers. Thus, a suit against a sheriff or his deputies in their official capacities is a suit against the state itself. *Harris v. Hayter*, 970 F. Supp. 500, 502 (W.D. Va. 1997). There is no evidence of abrogation or immunity waiver under the facts presently before the court and therefore the Eleventh Amendment applies. I will grant the Motion to Dismiss with regard to the claims against the sheriff and his deputies in their official capacities.

B

Likewise, the plaintiffs' claims against Wise County are barred. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that, while municipalities are "persons" for § 1983 purposes, they cannot be held liable under a respondeat superior theory. *Id*. at 690-91. A municipality may be held liable under § 1983 only when it executes a policy or custom that infringes on an individual's

constitutional rights. *Id*. at 694. Thus, Wise County is subject to liability under § 1983 only if it creates policies or customs capable of affecting the rights alleged to have been infringed upon by the plaintiffs; if the county is not a final municipal decision maker under state law with respect to the constitutional violations alleged, then derivative liability should not extend. *Keathley v. Vitale*, 866 F. Supp 272, 274-75 (E.D. Va. 1994).

Under Virginia law, sheriffs are independent constitutional officers whose duties and authorities are controlled by statute and who serve independently of the municipal government.[3] *Id*. at 276; *see also* Va. Const. art. 7 § 4. Accordingly, a county cannot be held liable for a sheriff's actions. *See Bd. of Supervisors of Rockingham County v. Lucas*, 128 S.E. 574, 576 (Va. 1925). Because the constitutional rights the plaintiffs assert were violated do not flow from decisions capable of being made by the county, but instead are made pursuant to the exclusive authority of the sheriff, the county is not liable under § 1983. For these reasons, the county's Motion to Dismiss will be granted.

---

[3] Furthermore, sheriff's deputies are employees of the sheriff, rather than of the county governing body. *See id.*

- 9 -

## C

The Town Defendants move to dismiss the claims against Officer John Doe. The defendants assert that the plaintiffs' allegations fail to allege any act or omission on the part of Officer Doe that caused or contributed to any constitutional violation alleged, and that the claim against Officer Doe should fail as a matter of law. After a careful review of the facts as alleged by the plaintiffs, however, I find that the Complaint alleges sufficient facts of bystander liability on the part of Officer Doe to survive the Motion to Dismiss.

In *Randall v. Prince George's County*, 302 F.3d 188, 203 (4th Cir. 2002), the Fourth Circuit approved a framework by which police officers may be found liable for failing to act in certain situations. To prove liability, a plaintiff must demonstrate that an officer (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent the harm, and (3) chooses not to act. *Id*. at 204. Here, given the liberal standard of federal pleading, I find that the plaintiff has alleged sufficient facts to state a claim under that theory. The Willises were initially stopped by Officer Doe, who was in close proximity during the shooting, likely knew of the impending use of force, and had a reasonable opportunity to prevent harm. There are no facts suggesting that Officer Doe did, in

fact, act. Accordingly, the plaintiffs have sufficiently alleged facts supporting bystander liability, and the Motion to Dismiss Officer Doe will be denied.[4]

Separately, the Town and County Defendants move to dismiss Chief of Police Larry R. Mohn and Wise County Sheriff Ronald D. Oakes, respectively, in their individual capacities, alleging that the plaintiffs' fail to state a claim. Fed. R. Civ. Pro. 12(b)(6).

Under the Supreme Court's holding in *Monell*, local government officials, like police chiefs and sheriffs, may be held liable under § 1983 when their acts establish a policy or custom that causes the constitutional violation alleged by the plaintiff. *Monell*, 436 U.S. at 694. Here, the plaintiffs have sufficiently alleged in the Complaint that policies, practices, and customs adopted by Mohn and Oakes, as the primary decision makers for their agencies, resulted in the plaintiffs' being deprived of certain constitutional rights by the officers involved in the shooting. Specifically, the plaintiffs allege that Mohn and Oakes acted with deliberate indifference in failing to properly train officers regarding detention and the use of excessive, unreasonable, or deadly force, and that their lack of training resulted in the plaintiff's being deprived of certain constitutional rights. The plaintiffs clearly meet the required

---

[4] The Town Defendants also move to dismiss Officer Doe for failure to properly serve him. I deny this motion pursuant to Fed. R. Civ. P. 4(m), allowing 120 days for service after filing suit.

notice pleading standard, and thus state a claim for relief. Accordingly, the motions to dismiss will be denied with regard to the liability of the police chief and the sheriff in their individual capacities.

IV

For the foregoing reasons, it is ORDERED as follows:

1. The plaintiffs' Motion to Amend Complaint (#46) is GRANTED and the clerk is directed to file the proposed Amended Complaint;

2. The Motion to Dismiss by Ronald D. Oakes, Andrew Drake McNally, and John Patrick Oliver Yost (#21) is GRANTED in part and DENIED in part;

3. The Motion to Dismiss the claims against Ronald D. Oakes, Andrew Drake McNally, and John Patrick Oliver Yost in their official capacities is GRANTED and all such claims are dismissed;

4. The Motion to Dismiss the claims against Ronald D. Oakes, Andrew Drake McNally, and John Patrick Oliver Yost in their individual capacities is DENIED;

4. The Motion to Dismiss by Wise County, Virginia (#25) is GRANTED and Wise County, Virginia, is dismissed as a party to this action; and

5. The Motion to Dismiss by the Town of Big Stone Gap, Virginia, Larry R. Mohn, and John Doe (#20) is DENIED.

ENTER: June 9, 2006

/s/ JAMES P. JONES
Chief United States District Judge