# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **STEVE WILLIS , ETC., ET AL.,** | )<br>) |
| Plaintiffs, | ) Case No. 2:06CV00015<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **RONALD D. OAKES, ETC., ET AL.,** | ) By: James P. Jones<br>) Chief United States District Judge<br>) |
| Defendants. | |

*Clifton L. Corker, Johnson City, Tennessee, Charles R. Terry and F. Braxton Terry, Terry, Terry & Stapleton, Morristown, Tennessee, and Douglas T. Jenkins, Rogersville, Tennessee, for Plaintiffs; John L. Cooley, Jr. and John Mark Cooley, WootenHart PLC, Roanoke, Virginia, for Defendants John Doe, Larry R. Mohn, and Town of Big Stone Gap, Virginia.*

In this case arising from a police shooting, the court previously resolved motions to dismiss and the plaintiffs were granted leave to file an amended complaint. Currently pending before the court is a Motion to Dismiss the Plaintiffs' Amended Complaint and Quash Attempted Service of Process, filed by certain of the defendants. The motion has been briefed and is now ripe for review.

I

The defendants, Town of Big Stone Gap, Virginia, Larry R. Mohn, and John Doe, first argue that the plaintiffs' claims under a theory of respondeat superior

should be dismissed. While I agree with the defendants that respondeat superior liability is unavailable under 42 U.S.C.A. § 1983 (West 2003), I find that the plaintiffs have pleaded sufficient facts to state a cause of action for respondeat superior liability based on their state law claims.

For similar reasons, I will deny the defendants' request that any claim for punitive damages against the Town of Big Stone Gap be dismissed. While § 1983 may not afford the basis of any such claim, *see City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981), the plaintiffs also assert state law claims against the Town.

II

I also find that the Complaint alleges sufficient facts of bystander liability on the part of Big Stone Gap police officer John Doe to survive a motion to dismiss. *See Randall v. Prince George's County*, 302 F.3d 188, 203 (4th Cir. 2002). Although the unidentified party John Doe has not yet been served, I am not required to dismiss John Doe as a defendant pursuant to Federal Rule of Civil Procedure 4(m). Under that rule, I may dismiss, direct that service be effected within a specified time, or give the plaintiffs notice, an opportunity to show good cause, and an opportunity to request an extension of time. *See Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005). Because the plaintiffs have indicated that their knowledge of John Doe's identity is

imminent pending additional discovery from the defendants, I find that a dismissal of John Doe is not warranted under the circumstances.

III

In response to the defendants' request that I dismiss these town defendants as immune from suit, I will deny such motion. Under Virginia law, while counties are political subdivisions of the state and immune from suit, towns are municipal corporations "created for the interest, advantage, and convenience of the locality and its people," and do not have sovereign immunity. *Fry v. Albemarle County*, 9 S.E. 1004, 1005 (Va. 1889). Municipalities are not subject to Eleventh Amendment immunity and may be held liable under § 1983 for execution of a policy or custom that infringes on an individual's constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). I hold that the plaintiffs have sufficiently alleged facts indicating that the policies, practices, and customs adopted by the defendants Town of Big Stone Gap and Mohn deprived the plaintiffs of constitutional rights. Because the plaintiffs clearly meet the required notice pleading standard, they sufficiently state a cause of action.

IV

The defendants also move to dismiss the plaintiffs' claims regarding violation of the Eighth Amendment. The Supreme Court has clearly held that the Fourth Amendment, rather than the Eighth Amendment, should be applied in excessive force cases arising from arrests, investigatory stops, and other pretrial seizures of the person. *See Connor v. Graham*, 490 U.S. 386, 388 (1989); *see also Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir. 1997). Because I find that the plaintiffs have alleged no facts unrelated to the victims' seizure, I find that the defendants' motion to dismiss the plaintiffs' Eighth Amendment claims should be granted.

V

Finally, the plaintiffs have moved for an extension of time in which to effect proper service of process on the unidentified defendant, Big Stone Gap police officer John Doe. Pursuant to Federal Rule of Civil Procedure 4(m), I direct that the plaintiffs properly serve such defendant within sixty days from the date of entry of this Opinion and Order.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss the Plaintiffs' Amended Complaint and Quash Attempted Service of Process by the Town of Big Stone Gap, Virginia,

Larry R. Mohn, and John Doe (#70) is GRANTED in part and DENIED in part;

2. The Motion to Dismiss any claim based on the Eighth Amendment to the Constitution is GRANTED; all other grounds are DENIED; and

3.. The Plaintiffs' Request for Additional Time to Serve Defendant under FRCP 4(m) (#74) is GRANTED and the plaintiffs are granted leave to serve the defendant currently denominated as John Doe within sixty (60) days of the date of this Opinion and Order.

> ENTER: August 22, 2006
>
> /s/ JAMES P. JONES
> Chief United States District Judge